```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :     CRIMINAL ACTION
                              :
          v.                  :
                              :
JAMES LEATH                   :     NO. 93-386-2
```

MEMORANDUM

Bartle, C.J.                                         December 29, 2008

      Before the court is the motion of James Leath for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

      On February 25, 1994, Leath was convicted by a jury of conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. § 846. During Leath's sentencing hearing in May, 1994, the court found that he was responsible for the distribution of more than 84 kilograms of cocaine base, which resulted in a base offense level of 42 under the applicable version of the Guidelines. Leath received a nine-level enhancement that included one level for drug trafficking activity near a school, two levels for possession of a gun during drug trafficking activity, two levels for threatening to kill the mother of a witness against him, and four levels for his role in the offense. With a total offense level of 51 and a criminal history category of IV, the court sentenced Leath to the Guidelines range of life imprisonment. Our Court of Appeals affirmed the conviction and sentence on April 27, 1995. United States v. Rivers, 54 F.3d 770 (3d Cir. 1995).

In 1996, based on Leath's motion for a reduction of sentence, the court found that Guidelines Amendment 505 had reduced Leath's base offense level from 42 to 38. The court nonetheless concluded that Leath's modified total offense level of 47 and criminal history category of IV still resulted in a Guidelines range of life imprisonment. The court denied Leath's motion for reduction of sentence.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B). Leath relies on the Sentencing Commission's adoption of Amendment 706, which lowers retroactively the Guidelines range for possession and distribution of certain amounts of crack cocaine. Prior to the adoption of Amendment 706, the Sentencing Guidelines assigned offense level 38 to any quantity of cocaine base of 1.5 kilograms or more. The amended Guidelines now assign offense level 38 only to a quantity of cocaine base of 4.5 kilograms or more. U.S.S.G. § 2D1.1(c)(1).

Here, the court found that Leath distributed over 84 kilograms of cocaine base. Thus, Leath would have received a base offense level of 38 and a total offense level of 47 even under the amended Guidelines. Because Leath was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is

not entitled to a sentence reduction under § 3582(c)(2).  See, e.g., United States v. Jones, --- F.3d ----, 2008 WL 4934033, at *2 (11th Cir. Nov. 19, 2008); United States v. Wright, Crim. No. 93-386, 2008 WL 2265272, at *1 (E.D. Pa. June 3, 2008).

       We further find that Leath's arguments based on United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007), are meritless.  Our Court of Appeals has explained that when a district court hears a motion under § 3582, its discretion is "constrain[ed] to the retroactive amendment at issue ..." because a reduction pursuant to § 3582 does not constitute a "full resentencing."  United States v. McBride, 283 F.3d 612 (3d Cir. 2002).  On that basis we will deny application of Booker and Kimbrough on motions under § 3582(c)(2).  See United States v. Rivera, 535 F. Supp. 2d 527, 531 (E.D. Pa. 2008); Wright, 2008 WL 2265272, at *1.

       Accordingly, we will deny Leath's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES LEATH | : | NO. 93-386-2 |

ORDER

AND NOW, this 29th day of December, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of James Leath for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

BY THE COURT:


/s/ Harvey Bartle III
                                                    C.J.